IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 21, 2003 Session

## STATE OF TENNESSEE v. DAVID WAYNE FOUNTAIN

**Appeal from the Circuit Court for Rhea County**
**No. 15622     Thomas W. Graham, Judge**

---

**No. E2002-01066-CCA-R3-CD**
**April 22, 2003**

---

David Wayne Fountain, who pleaded guilty to Class E felony attempted theft, appeals from the Rhea County Circuit Court's determination that he serve a two-year, split-confinement sentence for his crime. He claims that he should have received a minimum, one-year probationary sentence. We disagree and affirm the lower court's sentencing pronouncement. However, we modify the sentence imposed to the extent that it mandates day-for-day confinement.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined, and JOSEPH M. TIPTON, J., concurred in the results.

Larry G. Roddy, Sale Creek, Tennessee, for the Appellant, David Wayne Fountain.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; James Michael Taylor, District Attorney General; and James W. Pope, III, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The defendant came to East Tennessee as a member of a Christian singing group. In this capacity, he performed in a church attended by the victim. He befriended the victim and her daughter. Some months after they first became acquainted, the defendant told the victim that he was raising money for a hospitalized child's medical treatment. He claimed that he had personally donated $200,000 to the cause, and he asked the victim for $6,000 so that the child could receive a liver transplant. He named two hospitals at which the child had been treated. The victim checked with both hospitals, and she was advised that no child by the name she had been given by the defendant had ever been a patient at either facility. The victim contacted law enforcement officials, and an undercover operation was planned whereby an agent from the Tennessee Bureau of Investigation would pose as a minister and accompany the victim in delivering the requested funds to the defendant. This ruse took place, after which the defendant was arrested. It was later

determined that the bank account that the defendant had identified to the victim as the location to which the funds would be deposited was in the name of the defendant's live-in girlfriend.

The defendant was charged with Class D felony theft of property. He applied for pretrial diversion, and the district attorney general denied the request. He thereafter petitioned the circuit court for writ of *certiorari*, and the court upheld the district attorney general's determination. The defendant then petitioned the circuit court for permission to pursue an interlocutory appeal, *see* Tenn. R. App. P. 9, and the request was denied. The defendant petitioned this court for permission to pursue an extraordinary appeal. *See* Tenn. R. App. P. 10. We granted the application and affirmed the lower court's denial of relief. *State v. David Fountain*, No. E2001-02961-CCA-R10-CD (Tenn. Crim. App., Knoxville, Jan. 11, 2002) (order). The defendant eventually pleaded guilty to Class E felony attempted theft. The length and manner of service of the sentence were not settled by the plea agreement.

At the sentencing hearing, the defendant presented his own testimony as well as that of his mother. Generally, his evidence was that he had reformed himself since the time of the offense, had relocated to Texas, was active in religious and community activities, was maintaining steady employment, and enjoyed the support of members of his community. He professed sorrow for the offense and credited it with causing him to turn his life around. He claimed that he was involved in ministering in churches and to young people about the mistakes he had made in his life.

The state presented evidence through the presentence report and through cross-examination of the defense witnesses which demonstrated that the defendant had a history of marijuana and alcohol abuse, had been untruthful with the authorities when confronted with the evidence against him, had not appeared for a scheduled court date earlier in the proceedings which resulted in a capias outstanding for four months before he turned himself in to the authorities, and had destroyed the victim's trust in others.

After receiving evidence, the court found that the defendant should receive a maximum, two-year sentence of split confinement. The judge stated that the defendant would serve 120 days, day-for-day, in jail, followed by the balance of the two-year term on probation.[1] The defendant thereafter filed this appeal, in which he claims that he should receive a minimum, entirely probated sentence.

We begin with a review of the relevant law. In making a felony sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes

---

[1]The judgment does not contain the day-for-day language.

to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. *See* Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5) (1997) and (Supp. 2002); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (1997). However, a defendant who commits "the most severe offenses, possess[es] a criminal histor[y] evincing a clear disregard for the laws and morals of society, and [has failed] past efforts at rehabilitation" does not enjoy the presumption. *See id.* § 40-35-102(5), (6) (1997); *State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001). A sentence involving confinement is appropriate when

(A)    Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B)    Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is especially suited to provide an effective deterrence to others likely to commit similar offenses; or
(C)    Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1)(A) - (C) (1997).

Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. *Id.* § 40-35-103(5) (1997). Sentencing issues are to be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. *See* Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). Likewise, the trial court has an affirmative duty to state on the record, either orally or in writing, which enhancement and mitigating factors it found and its findings of fact. Tenn. Code Ann. §§ 40-35-209(c), 40-35-210(f) (Supp. 2002); *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998); *State v. Russell*, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999).

In this case, the lower court began its sentencing determination with consideration of the applicable enhancement and mitigating factors. The court found that the defendant's sentence should be enhanced because the defendant had a prior history of criminal convictions or behavior, the defendant abused a position of private trust, and the defendant intentionally selected the victim because of his belief or perception regarding the victim's religion. *See* Tenn. Code Ann. § 40-35-114(2), (16), (23) (Supp. 2002). The court applied mitigation to the defendant's sentence based upon

the fact that the crime did not cause or threaten serious bodily injury. *See id.* § 40-35-113(2) (1997). The court found the enhancement factors to far outweigh the sole mitigating factor and arrived at a two-year sentence.

The court then found that notwithstanding the defendant's professions of sorrow and remorse and his testimony about his efforts to improve his life at the sentencing hearing, he still had not fully accepted responsibility for his criminal activity or accepted the wrongfulness of his conduct. In support of this finding, the court pointed to the defendant's failure to return to the jurisdiction promptly after a capias was issued when he missed a court date. Thus, the court found that the defendant needed to serve a portion of his sentence in jail in order to impress upon him the wrongfulness of his conduct and the consequences thereof. Accordingly, the court ordered a split confinement sentence of 120 days of jail time and the remainder of the two years on probation.

On appeal, the defendant first claims that the lower court erred in applying the three enhancement factors. He further posits that in the absence of these three factors and given the applicability of the one mitigating factor found by the court, a minimum sentence is appropriate. The state defends the application of two of the three enhancement factors. The state's brief makes no mention of the third factor found by the lower court. The state's brief is likewise silent on the applicability of the one mitigating factor found by the court. Nonetheless, the state contends that the two-year sentence was appropriate.

The first enhancement factor found by the trial court, that the defendant has a history of criminal convictions or criminal behavior, is supported by the record. *See id.* § 40-35-114(2) (Supp. 2002). The defendant admitted that, at the time of the offense, he had been involved in marijuana use, and his combined alcohol and drug habit had cost him $200 per week. The defendant had a felony theft charge relative to a worthless check, which had been dismissed in May 2000. He claimed that this charge was occasioned by his own miscalculation of funds in his checking account as well as a "soap opera" caliber relationship with the payee of the dishonored check, but he had paid the amount of the debt promptly when he became aware of the error. Regardless, the defendant's recent drug use qualifies him for application of this enhancement factor. This is particularly so where, as here, that evidence of criminal activity and its financial drain on his legitimate resources is considered in conjunction with the defendant's testimony that he committed this offense due to financial pressures.

We are likewise convinced that the lower court correctly enhanced the defendant's sentence based upon his abuse of a position of private trust. *See id.* § 40-35-113(16) (Supp. 2002). The defendant claims this factor should not apply because he had no position in the church through which he met the victim, and like the victim, he was merely an attendee of church services. However, the evidence shows that the defendant befriended the victim and her daughter and then attempted to exploit this friendship through the illegal means employed in the offense. The basis of private trust is the friendship, not church attendance. On this factual basis, the trial court properly applied the abuse of private trust enhancement factor.

We are less certain, however, that the trial court correctly applied the enhancement factor for the defendant having targeted the victim based upon his belief or perception of her religion.[2] *See id.* § 40-35-114(23) (Supp. 2002). The record does not reflect that the defendant targeted the victim based upon her religious beliefs. Rather, it appears that the defendant exploited a purported friendship with the victim, which had begun when the two met in church. We cannot agree with the trial court that the applicability of this factor was shown by a preponderance of the evidence.

Neither party contests that the defendant's conduct neither caused nor threatened serious bodily injury. *See id.* § 40-35-113(1) (1997). The defendant receives mitigation for this factor.

Because the lower court erred in applying enhancement factor (23), our review of its length-of-sentence determination is strictly *de novo*. In that regard, we weigh the defendant's prior criminal history moderately and his abuse of private trust very heavily. In contrast, we credit him with slight mitigation for the lack of actual or threatened serious bodily injury in the commission of the offense. On balance, we are so compelled by the enhancement factors, particularly the abuse of private trust, that we conclude that a maximum, two-year sentence is appropriate for the defendant's crime.

Having determined that the length-of-sentence determination should not be disturbed, we now move to the question of the manner of service of the two-year sentence. The defendant in this case enjoys the presumption of favorable candidacy for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6) (1997). Moreover, he is eligible for probation. *See* id. § 40-35-303(a) (Supp. 2002). Unlike the presumption of favorable candidacy for alternative sentencing in general, the defendant bears the burden of demonstrating that probation is the particular alternative sentencing option which best suits his situation. *See State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000). In evaluating a defendant's bid for probation, the sentencing court appropriately examines such factors as (1) "the nature and [circumstances] of the criminal conduct involved," Tenn. Code Ann. § 40-35-210(b)(4) (1997); (2) the potential or lack of potential for rehabilitation, *id.* § 40-35-103(5) (1997); (3) whether a fully probated sentence would depreciate the seriousness of the offense, *id.* § 40-35-103(1)(B) (1997); and (4) whether a sentence other than full probation would effectively deter others likely to commit similar crimes, *id.*

Nothing in the record before us convinces us that the defendant is not a suitable candidate for an alternative sentence, and in fact, the trial court found as much by imposing an alternative sentence of split confinement on him.

The question of whether he is entitled to an alternative sentence of full probation, however, is not so easily answered. In finding that the defendant needed to serve some jail time, and

---

[2] The state has chosen not to address the applicability of this factor in its brief.

therefore was not entitled to a sentence of straight probation, the court found that the defendant had not fully accepted that he had done something wrong and that he had not fully accepted responsibility for his actions. These findings are in contrast to the defendant's claims of having turned his life around and his profession of sorrow for having committed the offense. Obviously, the trial court was concerned with the defendant's true potential for rehabilitation. Furthermore, the nature and circumstances of this offense are particularly egregious. The defendant fabricated a story about a gravely ill child as a means of stealing money from the victim. The defendant planned to use the money for his own personal needs, which at the time included a $200 per week drug and alcohol habit. In light of these facts, the lower court did not err in concluding that the defendant had not carried his burden of demonstrating suitability for full probation.

Finally, we are compelled to notice the lower court's oral imposition of day-for-day confinement for the jail portion of the split confinement sentence. The law is settled that a trial court cannot deny a defendant the statutory right to earn good conduct credits or authorized work credits if the defendant receives a sentence of split confinement and becomes a county jail inmate. *See* Tenn. Code Ann. § 41-2-111(a), (b) (1997); *State v. Jeannie Hudson*, No. E2001-00377-CCA-R3-CD, slip op. at 5 (Tenn. Crim. App., Knoxville, Feb. 19, 2002), *perm. app. denied* (Tenn. 2002); *State v. James Kevin Underwood*, No. E2000-01945-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Aug. 2, 2001); *State v. Jared M. Barnes*, No. E2001-00325-CCA-R3-CD, slip op. at 10 (Tenn. Crim. App., Knoxville, Dec. 10, 2001). For this reason, the sentencing order should not mandate day-for-day confinement. We modify the sentence to 120 days jail confinement less good conduct and/or work credits earned and retained, with the balance of the two-year term to be served on probation.

For these reasons, we affirm as modified the two-year sentence of split confinement imposed by the lower court.

_____
JAMES CURWOOD WITT, JR., JUDGE